UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GALHERN MELCHIZEDEK,<br><br>                    Petitioner,<br><br>     v.<br><br>DANIEL D. ALLEN,<br><br>                    Respondent. | Case No. C25-1124-KKE-SKV<br><br>ORDER DIRECTING RESPONDENT TO FILE A REPLY TO PETITIONER'S RESPONSE |

This is a federal habeas action brought under 28 U.S.C. § 2254. Petitioner submitted his federal habeas petition to the Court for filing on June 14, 2025, and he challenges therein a February 2023 Washington Department of Corrections ("DOC") disciplinary decision which resulted in his loss of good conduct time. *See* Dkts. 1, 6. While Petitioner's petition is somewhat convoluted, he appears to claim that the disciplinary hearing officer's decision, which sanctioned him for violating DOC's work requirements, violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *See* Dkt. 6.

Respondent filed an answer to the petition on October 2, 2025, in which he argues that the petition should be dismissed because Petitioner's statutory claim is not cognizable in a federal habeas action or, alternatively, because Petitioner cannot show that the state court's

ORDER DIRECTING RESPONDENT
TO FILE A REPLY TO PETITIONER'S
RESPONSE - 1

rejection of his RLUIPA claim was contrary to or an unreasonable application of United States Supreme Court precedent. *See* Dkt. 12. On October 22, 2025, Petitioner filed a lengthy response addressing the arguments presented by Respondent in his answer, together with a motion under Local Civil Rule ("LCR") 7(f) to file an overlength brief. Dkt. 15.

Respondent was provided an opportunity to file a reply brief in support of his answer (*see* Dkt. 7 at 2), but he elected not to do so. This Court's review of the existing record suggests that it would be beneficial to obtain a reply brief from Respondent which addresses the arguments presented by Petitioner in subsections D (Dkt. 15 at 11-14) and F (*Id.* at 17-23) of his response.

Accordingly, the Court hereby ORDERS as follows:

(1) Respondent shall file a reply brief which addresses the above referenced arguments not later than **December 5, 2025**. Respondent is advised that he need not limit his reply to the referenced arguments, he is invited to address as well any other arguments presented in Petitioner's response.

(2) Respondent's answer (Dkt. 12) is RE-NOTED on the Court's calendar for consideration on **December 5, 2025**.

(3) Petitioner's motion to file an overlength brief (Dkt. 16) is DENIED as moot. The Court generally does not impose page limitations on briefs filed in federal habeas actions and, thus, Petitioner's motion is unnecessary.

//
//
//
//

ORDER DIRECTING RESPONDENT
TO FILE A REPLY TO PETITIONER'S
RESPONSE - 2

(4)   The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Kymberly K. Evanson.

DATED this 19th day of November, 2025.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING RESPONDENT
TO FILE A REPLY TO PETITIONER'S
RESPONSE - 3